**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4391-15T1

SIMONE EDWARDS,

      Plaintiff-Respondent,

and

AMY LEACH EDWARDS,

      Plaintiff,

v.

BRIDGET BOSCH and BOHDAN
LUCHYNSKY,

      Defendants-Appellants.

_____

      Submitted June 26, 2017 — Decided July 12, 2017

      Before Judges Fisher and Fasciale.

      On appeal from the Superior Court of New
      Jersey, Law Division, Sussex County, Docket
      No. L-658-14.

      Oller, Luzzi & Breslin, LLC, attorneys for
      appellants (John M. Breslin, on the brief).

      Ehrlich, Petriello, Gudin & Plaza, P.C.,
      attorneys for respondent (Thomas S. Garlick,
      on the brief).

PER CURIAM

Plaintiff commenced this lawsuit, seeking compensation from defendants emanating from their failure to pay rent and from damage done to the premises. The judge conducted a bench trial and found plaintiff was entitled to a judgment for $24,261.99, consisting of $22,000 in unpaid rent (ten months at the rate of $2200 per month) and $2261.99 in damages to the premises.

Defendants appeal, arguing in a single point that the judge "committed plain error and failed to make sufficient required findings pursuant to R. 1:7-4 to support [the] decision in favor of [plaintiff]."[1] We find insufficient merit in this argument to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only the following few comments.

First, our standard of review requires deference to a judge's findings unless "they are so wholly insupportable as to result in a denial of justice." Greenfield v. Dusseault, 60 N.J. Super. 436, 444 (App. Div.), aff'd o.b., 33 N.J. 78 (1960); see also Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). Defendants do not disagree but instead contend the judge's findings are too cursory to comply with the requirements of Rule 1:7-4(a). We disagree.

---

[1] Despite the limitations in the arguments revealed by this point heading, defendants also argue that the judge relied on inadmissible evidence. We reject that contention as well.

The experienced judge made credibility determinations and concluded the quantification of most of the damages was governed by resort to the lease terms, which set the monthly amount of rent due to plaintiff from defendants. Finding defendants failed to pay for ten months of rent, the award for unpaid rent resulted from simply multiplying ten times $2200. As for the additional award, the judge again relied upon plaintiff's testimony, which he expressly found credible, and other documents referred to by plaintiff, in determining what damage was done and the cost of repair. Nothing more was required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4391-15T1